UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATHAN J. WHITE,

    Petitioner,

v.                                              Case No. 10-C-801

GARY HAMBLIN, Secretary of the
Wisconsin Department of Corrections,[1]

    Respondent.

## DECISION AND ORDER ON HABEAS CORPUS PETITION

### I. PROCEDURAL BACKGROUND

On March 20, 2008, the petitioner, Nathan J. White ("White"), was convicted in Kenosha County Circuit Court of unlawfully possessing a firearm as a felon, in violation of Wis. Stat. § 941.29(2)(a), and of battery as an act of domestic abuse, in violation of Wis. Stat. § 940.19(1). White was sentenced to five years imprisonment on the felon in possession of a firearm charge, comprised of two years of initial confinement and three years of extended supervision, which was to run consecutive to a nine-month jail sentence on the battery charge.

White filed a postconviction motion, which the Kenosha County Circuit Court denied on February 9, 2009. On February 3, 2010, the Wisconsin Court of Appeals affirmed the circuit court's denial of White's motion for postconviction relief and also affirmed White's judgment of conviction. On May 13, 2010, the Wisconsin Supreme Court denied White's petition for review. White did not

---

[1] The petitioner, Nathan J. White, has been released to extended supervision. Because White is no longer in the custody of Ann Krueger (the Superintendent of the Kenosha Correctional Center), the court has substituted Gary Hamblin, the current Secretary of the Wisconsin Department of Corrections, as the respondent in this action.

petition the United States Supreme Court for a writ of certiorari with respect to his judgment of conviction.

On September 16, 2010, White filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 8, 2010, this court issued an order following review of White's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The net result of the order was to limit White's habeas corpus petition to the following issues: (1) whether White's due process rights were violated when the circuit court allegedly incorrectly considered that White was a gang member when it sentenced him and, relatedly, (2) whether White's counsel was ineffective for failing to seek a postponement of the sentencing hearing to investigate facts which could shed light on White's gang affiliation (or lack thereof).

For the reasons that follow, White's petition for a writ of habeas corpus will be denied and this action will be dismissed.

## II. FACTUAL BACKGROUND

The facts relevant to the issues presented in this federal habeas corpus petition are found in the Wisconsin Court of Appeals' decision.

> ¶ 12 White next argues that he was sentenced on the basis of inaccurate information. White argues that the circuit court incorrectly considered that he was a member of a gang when it sentenced him. White admits that he had been a member of a gang, but asserts that he is no longer.
>
> ¶ 13 At the sentencing hearing, White's counsel addressed his gang affiliation. Counsel noted that the presentence investigation report (PSI) said that White claimed to no longer be a gang member, but that the author of the report commented that walking away from the gang lifestyle usually was not that easy. White's counsel went on to explain that White had been part of a small neighborhood gang in Kenosha, and argued that White had just walked away. The court imposed sentence, and then asked White if he knew two people who had just left the room. White said: "I don't know." The court then said:
>
>> THE COURT: Now I gave consideration here to possibly stay this and place you on probation on count two, but after I observed that little

2

> show of your buddies walking out of the courtroom when they were disgusted when they heard what I had to say, I don't believe your lawyer's assertion that you told him you're not a member of a gang. I think you're still a member of a gang and those were gang members, so there will be no stay. You're going to prison.

The court then engaged in a short discussion with White's mother. His mother claimed that White was not a gang member. The court then asked her who the two "goofballs" were who had been sitting with her and then left. She stated that they were people White knew, but that White was not a gang member.

¶ 14 White's counsel then said:

> COUNSEL: Your honor, I guess I just am somewhat unsure what to say. Those two gentlemen that left the room, there would be no evidence that they are gang members. Mr. White is not involved in any gang. There's been no evidence throughout any of this case that he is a member of gang other than what happened when he was a juvenile. If that's the—
>
> THE COURT: Well first of all, the presentence writer thinks he's a member of a gang, okay? So your client says no, she says yes, I place more emphasis on what the presentence investigation report says, number one. Number two, I have been a judge for 28 years. I was in private practice before that, defended gang people. I was a prosecutor. I prosecuted gang people, and you know, you can—what walks like a duck and looks like a duck in my opinion is a duck, and those were ducks, OK?

The court then asked White who those men were. White said he was not paying attention, but he was sure they were friends of his. The court then noted that another young man in the room flashed a gang sign at White.

¶ 15 White argues that he is entitled to be resentenced because the circuit court erred when it said he may still be a gang member. Sentencing lies within the sound discretion of the trial court, and a strong policy exists against appellate interference with the discretion. *State v. Mosley*, 201 Wis. 2d 36, 43, 547 N.W.2d 806 (Ct. App. 1996). The primary factors to be considered by the trial court in sentencing are the gravity of the offense, the character of the offender and the need for the protection of the public. *State v. Harris*, 119 Wis. 2d 612, 623, 350 N.W.2d 633 (1984). Secondary factors include:

> (1) Past record of criminal offenses; (2) history of undesirable behavior pattern; (3) the defendant's personality, character and social traits; (4) result of presentence investigation; (5) vicious or aggravated nature of the crime; (6) degree of the defendant's culpability; (7)

defendant's demeanor at trial; (8) defendant's age, educational background and employment record; (9) defendant's remorse, repentance and cooperativeness; (10) defendant's need for close rehabilitative control; (11) the rights of the public; and (12) the length of pretrial detention.

*State v. Spears*, 227 Wis. 2d 495, 507, 596 N.W.2d 375 (1999) (citations omitted).

¶ 16 In *State v. Rush*, 147 Wis. 2d 225, 230-31, 432 N.W.2d 688 (Ct. App. 1988), we said:

The importance of allowing a sentencing judge to consider a broad range of evidence was expressed by Justice Black in *Williams v. New York*, 337 U.S. 241 (1949):

> Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial.

*Id*. at 247 (footnote omitted). Our supreme court has also espoused this principle:

> Not only is all relevant information to be brought to the attention of the sentencing judge, but considerable latitude is to be permitted trial judges in obtaining and considering all information that might aid in forming an intelligent and informed judgment as to the proper penalty to be imposed.

*Neely v. State*, 47 Wis. 2d 330, 334-35, 177 N.W.2d 79, 82 (1970)[, *overruled on other grounds by Stockwell v. State*, 59 Wis. 2d 21, 207 N.W.2d 883 (1973)].

Further, a defendant who alleges that he or she was sentenced on inaccurate information "must establish that there was information before the sentencing court that was inaccurate, and that the circuit court actually relied on the inaccurate information." *State v. Tiepelman*, 2006 WI 66, ¶ 2, 291 Wis. 2d 179, 717 N.W. 2d 1.

¶ 17 White has not established that the information on which the court relied was inaccurate. In support of his argument, White claims that he is no longer a gang

member and asserts that he no longer has gang tattoos. White said both of these things at this sentencing hearing, but the court chose not to believe him. The court chose, instead to rely on the PSI author's opinion that it was not that easy to walk away from a gang. The court also observed behavior in the courtroom that suggested that White was still associating with gang members. White has not offered any evidence to dispute this. The court was entitled to consider this information because it concerned "the defendant's life and characteristics." Further, White has not established that the information was inaccurate. We conclude that the circuit court properly exercised its discretion, considered all the pertinent information, and imposed an appropriate sentence. White has not established that the circuit court relied on inaccurate information when it sentenced him, and he is not entitled to a new hearing on this issue.

¶ 18 White argues that his counsel was ineffective for proceeding with the sentencing hearing without correcting the misinformation that was before the court. The record demonstrates, however, that counsel did tell the court that White was no longer a gang member and that he disputed the information in the PSI to the contrary. The court chose not to believe this information. There is simply nothing more counsel could have done at the hearing. White has not established that the received ineffective assistance of trial counsel.

(Ct. App. Dec. at ¶¶ 12-18.)

### III. LEGAL STANDARD

In a habeas corpus proceeding under 28 U.S.C. § 2254, a successful petitioner must demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). For claims actually "adjudicated on the merits in State court proceedings," the statute commands that the federal habeas court undertake a limited review. § 2254(d). The federal habeas court evaluates the record to discern only whether the state court's adjudication of the claim (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or (2) "was based on an unreasonable determination of the facts in light of the evidence presented," § 2254(d)(2). *See also McGee v. Bartow*, 593 F.3d 556, 571-72 (7th Cir. 2010). Unreasonableness is a high bar in this context: "[a] state court's decision is 'unreasonable' within the meaning of § 2254(d)(1) only if it is 'so erroneous as to be objectively unreasonable' and 'well outside the

boundaries of permissible differences of opinion.'" *Bennett v. Gaetz*, 592 F.3d 786, 790 (7th Cir. 2010) (quoting *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)).

"A rule is 'clearly established' only if it is compelled by existing Supreme Court precedent." *Henry v. Page*, 223 F.3d 477, 480 (7th Cir. 2000) (citing *Hogan v. Hanks*, 97 F.3d 189, 192 (7th Cir. 1996)). A state court decision results in an "unreasonable application" of clearly established federal law when that court either (1) "identifies the correct governing legal rule from [Supreme Court precedent] but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000); *see also Harris v. Cotton*, 365 F.3d 552, 555 (7th Cir. 2004).

Issues of fact found by a state court are presumed to be correct unless the petitioner rebuts this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Williams v. Parke*, 133 F.3d 971, 973 (7th Cir. 1997).

## IV. DISCUSSION

A defendant has a due process right to be sentenced upon accurate information. *Promotor v. Pollard*, 628 F.3d 878, 888 (7th Cir. 2010); *Simonson v. Hepp*, 549 F.3d 1101 (7th Cir. 2008). In order to show such a due process violation a defendant "must establish that the sentencing court relied on critical inaccurate information when announcing the sentence." *Simonson,* 549 F.3d at 1107. Not all inaccuracies deprive a defendant of due process; the incorrect information must be "materially untrue." *Townsend v. Burke*, 334 U.S. 736, 741 (1948).

To be sure, the state sentencing judge was convinced that White was a gang member, or at least was still associating with gang members. There is also no doubt that the sentencing judge took

6

into account at the time of White's sentencing his belief that White still was, at a minimum, associating with gang members. Stated another way, the sentencing judge found *factually* that White was still involved with gang members and took that fact into account at the time of sentencing. But here is where White's claim that he was deprived of due process founders.

As stated previously, issues of fact found by a state court are presumed to be correct unless the petitioner rebuts this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In order for this court to grant White federal habeas relief, White must demonstrate by clear and convincing evidence that the sentencing judge's finding on the gang issue was incorrect. And, simply stated, White has not made such a showing.

To the contrary, all that White has offered in this habeas proceeding on the gang issue is the following:

> Petitioner was sent to prison, lost a wife, his affection of his three children, enjoyment of life all based on an angry judge who allegedly believed petitioner was not only a gang member but involved with whoever Judge Barry was upset with who did not agree or like the probation term White was being sentenced to. Judge Barry did not arrest the men in question who apparently angered Judge Barry, nonetheless, Judge Barry's anger resulted in petitioner who otherwise was being placed on probation and subsequently sent to prison.

(Pet'r's Reply at 4.)

This offering falls woefully short of constituting "clear and convincing evidence" that the sentencing judge's factual findings with respect to White's continued gang involvement were incorrect. Thus, to the extent that White's habeas corpus petition is predicated on the claim that his due process rights were violated by the state court's relying on materially untrue/incorrect information, his petition will be denied.

But what about White's ineffective assistance of counsel claim? In my opinion, it too must be denied.

A petitioner's claim of ineffective assistance of counsel is analyzed under the two-part test described in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To prevail on an ineffective-assistance-of-counsel claim under *Strickland*, a petitioner must demonstrate that his counsel's assistance was objectively unreasonable and resulted in a substantial risk of prejudice." *Brown v. Finnan*, 598 F.3d 416, 419 (7th Cir. 2010). Courts reviewing habeas petitions need not address these two prongs in any particular order or even address both if the defendant makes an inadequate showing as to one. *Strickland*, at 466 U.S. at 697. Review of an attorney's performance is highly deferential and the attorney is presumed to have advised his client effectively. *Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003).

The Wisconsin Court of Appeals addressed White's ineffective assistance of counsel claim as follows:

> White argues that his counsel was ineffective for proceeding with the sentencing hearing without correcting the misinformation that was before the court. The record demonstrates, however, that counsel did tell the court that White was no longer a gang member and that he disputed the information in the PSI to the contrary. The court chose not to believe this information. There is simply nothing more counsel could have done at the hearing. White has not established that the received ineffective assistance of trial counsel.

(Ct. App. Dec. at ¶ 18.)

In order for White to receive federal habeas corpus relief on this claim he must show that the state court's adjudication of the claim (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or (2) "was based on an unreasonable determination of the facts in light of the evidence presented," § 2254(d)(2). Once again, White has failed to make the requisite showing.

First of all, the appellate court's finding that there was nothing more that counsel could have done at the hearing was not an unreasonable determination of the facts. Even more importantly,

8

White has not demonstrated to this federal habeas court what more he would have proffered to the sentencing judge to counter that judge's stated belief about White's gang involvement if, for example, his counsel had asked for an adjournment of the sentencing hearing. Without such proffer, White has failed to demonstrate that he was in any way prejudiced by his counsel's failure to ask for such an adjournment. Thus, to the extent that White's federal habeas corpus petition is predicated on the claim that he received ineffective assistance of counsel, his petition will be denied.

There is one final matter to address. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part, as follows:

> a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Under 28 U.S.C. § 2253(c), a district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court of appeals has held that this standard differs only in scope from the certificate of probable cause standard that was previously developed and applied by the courts. *See Herrera v. United States*, 96 F.3d 1010, 1012 (7th Cir. 1996). The *Herrera* court said that "a certificate of probable cause places the *case* before the court of appeals, but a certificate of appealability must identify each *issue* meeting the 'substantial showing' standard." *Id*. (emphasis added). Thus, for the court to issue a certificate of appealability to White, it must identify for the court of appeals the issues that are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (quoting *Gordon v. Willis*, 516

9

F. Supp. 911, 913 (N.D. Ga. 1980)). This test was reiterated in *Miller-El v. Cockrell*, 537 U.S. 322 (2003), *rev'd on other grounds, Miller-El v. Dretke*, 545 U.S. 231 (2005).

> Consistent with our prior precedent and the text of the habeas corpus statute, we reiterate that a prisoner seeking a COA need only demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.

*Id.* at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In my opinion, and for the reasons set forth in this decision denying White's habeas corpus petition, none of White's claims warrants a certificate of appealability. Put simply, the petitioner has not demonstrated "a substantial showing of the denial of a constitutional right" by demonstrating either that jurists of reason could disagree with this court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Consequently, the court will deny White a certificate of appealability. Of course, White retains the right to seek a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22(b).

**NOW THEREFORE IT IS ORDERED** that White's petition for a writ of habeas corpus be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**SO ORDERED** this 7th day of July 2011 at Milwaukee, Wisconsin.

**BY THE COURT**:

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge